### A. S. MILLER, PLAINTIFF, v. JACOB KAUFFMAN, DEFENDANT.

Argued March 26, 1925—Decided March 31, 1925.

Where a person residing out of the state brings an action in this state, the fact that the action is brought on a foreign judgment does not affect the right of the defendant to security for costs.

On motion, &c.

Before Justice TRENCHARD.

For the plaintiff, *W. Holt Apgar.*

For the defendant, *William N. Cooper.*

The opinion of the court was delivered by

TRENCHARD, J.  This is plaintiff's motion that the defendant be ordered to answer the complaint regardless of the defendant's demand for security for costs.

I feel constrained to deny the motion.

The plaintiff is a resident of Pennsylvania.  The defendant is a resident of Mercer county, New Jersey, where the venue is laid, and has given notice to the plaintiff that he requires security for costs.

Section 204 of our Practice act (*Comp. Stat., p.* 4115) provides that "if the plaintiff reside out of this state he shall, if required at any time before notice of trial, give bond" for $100 or deposit such sum "as security to the defendant for costs."  Section 205 provides that "when a defendant is entitled to security for costs, he shall give notice to the plaintiff that he requires such security, and, thereupon, all proceedings shall be stayed until such security is filed or deposit made, and the plaintiff, upon filing such security or making such deposit shall give notice thereof to the defendant, * * *; after such notice the defendant shall have the same time to plead that he had at the service of the notice requiring security."

Accordingly, since the plaintiff "resides out of this state," it was the right of the defendant at any time before notice of trial, by giving notice to that effect, to require the plaintiff to give security for costs.  The defendant gave such notice, and the legal consequence thereof, declared by the statute, is that "all proceedings shall be stayed until such security is filed or deposit made."

But the plaintiff points to the fact that his action is upon a foreign judgment, and he argues that such a case is or ought to be an exception to the ordinary rule, and that he should not be required to give security for costs until the defendant has answered, and thereby disclosed a meritorious defense.  But the difficulty with that contention is that there is no such restriction in the statute nor in the ancient and well-established practice as to security for costs.  I think

that where, as here, a person residing out of the state brings an action in this state, the fact that the action is brought on a foreign judgment does not affect the right of the defendant to security for costs.

That was the conclusion reached in *Crozat* v. *Brogden* (1894), 2 *Q. B.* 30, wherein Lord Justice Davey said that "as the reason for giving security for costs is not dependent on the merits of the action, I do not see why the merits of the action should be looked into at all. If the defendant has no defense, or if it is a frivolous defense, and a mere attempt to try the action over again, there are appropriate means for setting aside and removing from the files of the court a statement of defense which affords no real ground of defense, but which is frivolous and vexatious."

The motion will be denied.